**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>JEROLD M. GORSKI,<br><br>        Defendant - Appellant,<br><br>  V.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION; et al.,<br><br>        Third-party-defendant - Appellees. | No. 12-56584<br><br>D.C. No. 2:11-cv-04252-AG-JPR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted August 6, 2014
Pasadena, California

Before: REINHARDT, WARDLAW, and CALLAHAN, Circuit Judges.

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Jerold M. Gorski, an attorney representing himself, appeals from the district court's orders dismissing his claims against the United States and two debt collection agencies, and granting summary judgment to the Government on its claim that Gorski failed to pay his student loans. Gorski asserts that the district court improperly denied him discovery and that there are genuine issues of material fact that preclude the grant of summary judgment. We affirm.[1]

We review the district court's dismissal and grant of summary judgment de novo. *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 875 (9th Cir. 2012); *Szajer v. City of L.A.*, 632 F.3d 607, 610 (9th Cir. 2011). The district court's discovery orders are reviewed for abuse of discretion. *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1102 (9th Cir. 1998).

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

**1.** Gorski has not shown that any of the discovery orders was an abuse of discretion. He has further failed to show that additional discovery was likely to produce evidence critical to the underlying causes of action.[2]

**2.** Gorski's claims against the third party defendants are based on communications he had with them in 1998 and 1999. Gorski does not dispute that none of the applicable statutes of limitations exceeds six years. Instead, he first asserts that he had no remedy at that time. This assertion is not sound, as the case he cites, *Brannan v. United Students Aid Funds*, 94 F.3d 1260 (9th Cir. 1996), recognized both that the Higher Education Act did not preempt all state law governing lenders and guarantors of student loans, and that a recipient of student loans may have a cause of action against a private guaranty agency pursuant to the Fair Debt Collection Practices Act. Gorski's arguments that the statutes of limitations should be tolled are also not persuasive. He knew of the alleged misdeeds in 1999 and does not allege that the third party defendants took any

---

[2] Gorski's two motions "to augment record on appeal and/or treat declarations as informal *amici curiae* briefs" are denied. The materials should have been presented to the district court in the first instance. In addition, in its deliberations on this appeal, the panel has considered all of Gorski's other pending motions, including his "motion to merits panel judges re: opposition parties, factual misrepresentations at oral argument, pending motions to strike & to augment record, mediation, & all appropriate relief," and all of the motions are hereby denied.

subsequent adverse action on which he relied or was entitled to rely.  With the passage of over a decade, Gorski must establish some exception to the applicable statutes of limitations.  *See 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 6662 (9th Cir. 1999).  The district court properly determined that he failed to do so.

**3**.  The district court dismissed Gorski's counterclaims against the United States as barred by sovereign immunity or for failing to allege sufficient facts to state a cause of action.  Gorski has failed to show that the district court erred in doing so.  For example, the district court dismissed his claim against the United States for an accounting, stating that Gorski would be entitled to an accounting only if there was fraud and that his fraud claim failed.  Gorski's assertion that "a request for accounting in an answer is tantamount to a cross complaint for accounting" is not responsive and is unsupported by any authorities.  Gorski also asserts that he should have been granted leave to amend his spoliation claims to assert an exception to the rule set forth in *Cedars-Sinai Medical Center v. Superior Court*, 18 Cal. 4th 1, 17-18 (1998).  However, the rule–that there is no remedy where the victim knows of the alleged spoliation before trial–does not admit to an applicable exception, and Gorski has not suggested any factual basis for an exception.

4. The district court properly granted summary judgment for the United States. The government offered sufficient evidence of Gorski's unpaid student loans. The authenticated copies of his promissory notes were admissible, *see* Fed. R. Evid. 1003, and neither the notes nor the Department of Education's certificate of indebtedness were hearsay. *See Stuart v. UNUM Life Ins. Co. Of Am.*, 217 F.3d 1145, 1154 (9th Cir. 2000); Fed. R. Evid. 803(6). Gorski does not really deny that he signed the underlying promissory notes or that they have not been repaid. Instead, his primary contention appears to be that he should have been allowed to depose or question the Government's loan analyst. However, because Gorski offered no evidence that he did not receive the underlying loans, or that any payments were not properly credited, such an examination was unlikely to produce relevant evidence. In sum, his amorphous claims that he might not have signed the underlying notes and that some payments or charges might not be properly documented, are insufficient to rebut the Government's prima facie case.

The district court's rulings are **AFFIRMED**.